# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 7** |
| | ) | |
| **JUSTIN S. FARA,** | ) | **Case No. 21-05434** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| | ) | |
| **CHOP FOO, LLC,** | ) | |
| | ) | **Adversary No.** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JUSTIN S. FARA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ADVERSARY COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§523(a)(2)(A), 523(a)(4), and 523(a)(6)**

Plaintiff CHOP FOO, LLC ("Chop Foo"), by its attorneys, EVERSHEDS SUTHERLAND (US) LLP, files its Adversary Complaint to Determine Non-Dischargeability of Debt owed to Chop Foo by Defendant JUSTIN S. FARA ("Fara") pursuant to 11 U.S.C. §§523(a)(2)(A), 523(a)(4), and 523(a)(6) and Federal Rule of Bankruptcy Procedure 4007 and states as follows:

## NATURE OF THE CASE

1. This Adversary Complaint is brought pursuant to 11 U.S.C. §§523(a)(2)(A), 523(a)(4), and 523(a)(6) for the purpose of objecting to and contesting the dischargeability of an obligation of BJ Construction, LLC ("BJC") to Chop Foo established pursuant to a judgment entered against BJC in favor of Chop Foo.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(b)(1), and 11 U.S.C. §523.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

## PARTIES

5. Plaintiff Chop Foo is an Illinois limited liability company, with its principal place of business in Northbrook, Illinois.

6. Defendant Fara is an individual residing in Cook County, Illinois.

7. BJC is an Illinois limited liability company, engaged in general contracting and construction activities, which was managed and owned by Fara at all times relevant hereto.

## BACKGROUND

8. In October of 2018, Chop Foo contracted with BJC for the construction of certain improvements at Chop Foo's property located at 1560 N. Damen Avenue, Chicago, Illinois 60622.

9. As a principal of BJC, Fara negotiated BJC's contract with Chop Foo (the "Contract").

10. Pursuant to the Contract, Chop Foo paid BJC nearly $400,000, but BJC failed to fulfill its obligations.

11. Upon information and belief, BJC did not intend to complete the improvements called for by the Contract.

12. Upon information and belief, Fara intended to deceive Chop Foo when he negotiated and executed the Contract on behalf of BJC.

13. Upon information and belief, Fara, as a principal of BJC, improperly appropriated the funds Chop Foo paid to BJC pursuant to the Contract.

14. Chop Foo had to hire another contractor to complete the improvements and repair the defective work performed by BJC, thereby incurring substantial additional costs.

15. On May 27, 2020, Chop Foo filed a lawsuit in the Circuit Court of Cook County, Case No. 20 L 005662, styled *Chop Foo, LLC v. BJ Construction Group, LLC* (the "State Court Action"), to recover its damages under the Contract.

16. On January 8, 2021, a default judgment in the State Court Action was entered in favor of Chop Foo and against BJC in the amount of $620,847.60 (the "Judgment").

17. Following entry of the Judgment, Chop Foo attempted to collect the same from BJC. Chop Foo has issued three separate citations in the State Court Action to discover assets (the "Citations") – one each to BJC, Fara individually, and Klasik Construction Inc. ("Klasik"), another entity owned and managed by Fara.

18. On April 26, 2021, Fara filed the present bankruptcy petition (the "Petition").

19. In light of the Petition, the Citation in the State Court Action to Fara has been stayed, but the Citations issued to BJC and Klasik are not stayed.

20. Despite multiple State Court Action orders directing Fara to respond to the Citations on behalf of BJC and Klasik, Chop Foo has not received any documents or information and has been unable to collect the Judgment.

## THE BANKRUPTCY PETITION

21. The Petition seeks to discharge the Judgment, despite the fact that the Judgment is against BJC, a properly-formed corporate entity.

22. The inclusion of the Judgment amount on the Petition evidences Fara's improper appropriation of the funds paid by Chop Foo to BJC pursuant to the Contract.

23. The Contract required payment by Chop Foo and the performance of services by BJC.

24. Had BJC retained the funds it received from Chop Foo or disbursed them in furtherance of its obligations under the Contract, Fara would not be seeking discharge of the Judgment in the Petition.

## **COUNT I – 11 U.S.C. §523(a)(2)(A)**

25. Chop Foo hereby re-alleges and incorporates paragraphs 1 through XX as if fully set forth herein.

26. Section 523(a)(2)(A) of Title 11 of the Bankruptcy Code provides for the denial of a debtor's discharge for money obtained by "false pretenses, a false representation, or actual fraud." 11 U.S.C. §523(a)(2)(A).

27. As described above, BJC entered into the Contract with Chop Foo to induce Chop Foo to make payments thereunder.

28. Fara, as a principal of BJC, negotiated and executed the Contract on BJC's behalf.

29. Chop Foo made payments to BJC pursuant to the terms of the Contract.

30. Upon information and belief, Fara appropriated the funds Chop Foo paid to BJC.

31. Fara's conduct with respect to the Contract and the funds paid by Chop Foo to BJC pursuant to the Contract renders BJC's debt to Chop Foo nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

## **COUNT II – 11 U.S.C. §523(a)(4)**

32. Chop Foo hereby re-alleges and incorporates paragraphs 1 through XX as if fully set forth herein.

33. Section 523(a)(4) of Title 11 of the Bankruptcy Code provides for the denial of a debtor's discharge for embezzlement. 11 U.S.C. §523(a)(4).

34. Fara's appropriation of the funds paid by Chop Foo to BJC renders BJC's debt to Chop Foo nondischargeable pursuant to 11 U.S.C. §523(a)(4).

## COUNT III – 11 U.S.C. §523(a)(6)

35. Chop Foo hereby re-alleges and incorporates paragraphs 1 through XX as if fully set forth herein.

36. Section 523(a)(6) of Title 11 of the Bankruptcy Code provides for the denial of a debtor's discharge for any debt "for willful and malicious injury by the debtor…." 11 U.S.C. §523(a)(6).

37. Upon information and belief, Fara intentionally and without justification appropriated the funds Chop Foo paid to BJC under the Contract.

38. The injury to Chop Foo resulting from Fara's actions renders BJC's debt to Chop Foo nondischargeable pursuant to 11 U.S.C. §523(a)(6).

WHEREFORE, Chop Foo, LLC respectfully requests that this Honorable Court determine that the debt of $620,847.60 owed to it by BJ Construction Group, LLC constitutes a nondischargeable debt pursuant to 11 U.S.C. §§523(a)(2)(A), 523(a)(4) and/or 523(a)(6), award Chop Foo, LLC its attorneys' fees and costs incurred in this matter, and grant such further relief as this Court deems just and fair.

CHOP FOO, LLC

By: /s/ Emily A. Robins
EVERSHEDS SUTHERLAND (US) LLP
Timothy J. McCaffrey (ARDC No. 6229804)
Emily A. Robins (ARDC No. 6296519)
900 North Michigan Avenue, Suite 1000
Chicago, Illinois 60611
Telephone: (312) 724-9006
Facsimile: (312) 724-9322
timmccaffrey@eversheds-sutherland.com
emilyrobins@eversheds-sutherland.com