**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **In re:** ) | | **Chapter 7** |
| ) | | |
| **JUSTIN S. FARA,** ) | | **Case No. 21-05434** |
| ) | | |
| **Debtor.** ) | | |
| ) | | |
| ) | | |
| **CHOP FOO, LLC,** ) | | |
| ) | | **Adversary No. 21-00117** |
| **Plaintiff,** ) | | |
| ) | | |
| **v.** ) | | |
| ) | | |
| **JUSTIN S. FARA,** ) | | |
| ) | | |
| **Defendant.** ) | | |

**REPLY IN SUPPORT OF MOTION FOR SANCTIONS AND OTHER RELIEF**

In his response in opposition to Plaintiff's Motion for Sanctions and Other Relief (the "Motion"), Mr. Fara fails entirely to address the merits of this issues before this Court – that Mr. Fara failed to respond to discovery properly served on him, that he was subsequently ordered to respond to that discovery by this Court, and that as of the filing of this Reply Mr. Fara has still failed to meaningfully respond to the discovery as ordered by this Court. For these reasons alone, this Court should grant Plaintiff's Motion.

Rather than address the merits of the discovery issues, Defendant instead complains that he has been required to produce information in a parallel state-court action to collect on a judgment. Defendant particularly complains that he has been deposed on multiple occasions. It is true that Plaintiff has twice deposed Defendant in the underlying state court action – but this is not the result of any harassment. Rather, it is the result of Mr. Fara's own pattern in that case of ignoring repeated orders by the Court to comply with discovery obligations. The resulting sanction

in that case was that the judge ordered Mr. Fara to sit repeatedly and indefinitely in depositions until he provided all of the information the Court had ordered him to produce. Plaintiff seeks nothing more than to reach a fair settlement of the outstanding debt owed to it by Defendant, which Defendant misappropriated by fraud, and has no interest in prolonging its collection efforts – which are tremendously costly to Plaintiff as well. Defendant's Response to the Motion ignores his own failures to act in accordance with discovery rules and this Court's order compelling the same.

**Plaintiff Seeks Only to Preserve and Collect the Debt Owed by Defendant**

Plaintiff's efforts to obtain discovery from Defendant are not intended to harass or burden Defendant or his counsel. Plaintiff paid Defendant and his company, BJ Construction Group, LLC ("BJC"), nearly $400,000 in late 2018 and early 2019. Defendant misappropriated the bulk of those funds, and has thus far failed to provide Plaintiff with any information or documentation demonstrating otherwise. Plaintiff promptly commenced collection efforts on the judgment it obtained against BJC in early 2021. By April of 2021, Cook County Circuit Court Judge Patrick J. Heneghan issued a Rule to Show Cause due to Defendant's failure to produce BJC's records and financial information in response to a properly-issued citation, and ordered Defendant to do so by June 1, 2021 – over one year ago. *See* page 1 of Exhibit 1, which is a group exhibit of orders issued by Judge Heneghan. A second Rule to Show Cause was issued nearly two months later, on July 28, 2021 due to Defendant's continued refusal to comply with his obligations as BJC's corporate representative. Exh. 1, p. 2.

Defendant was first held in civil contempt by Judge Heneghan on September 8, 2021. Exh. 1, p. 3. He was subsequently ordered to "sit for the first part of a multi-part examination" by September 30, 2021. *Id.* at p. 4. Judge Heneghan specifically ordered that Defendant's examination as corporate representative of BJC was to be "without restriction as to the matters or topics to be

2

explored and [ ] without limit as to duration." *Id.* Plaintiff's first deposition of Defendant was brief and mainly served to enlighten Plaintiff as to what information and records possibly existed and to identify individuals with potential knowledge of BJC's financial state and records. The financial records Defendant refers to in his Response as having produced were in fact produced by financial institutions in response to third-party Citations to Discover Assets.

Judge Heneghan continued ordering Defendant to produce documents responsive to the Citations to Discover Assets and eventually ordered Defendant to personally appear for a Zoom hearing on January 10, 2022. At that hearing, Judge Heneghan again held Defendant in contempt of court and issued a body attachment. Exh. 1, p. 5. Judge Heneghan told Defendant that he hoped he would be arrested, and that he was glad Mr. Fara was online to hear Judge Heneghan say that he "does not care" if Mr. Fara spent time in prison because of his repeated and egregious refusals and failures to comply with basic discovery obligations. Defendant was deposed for a second time in the state court action in April 2022, after being ordered to appear for said deposition. Exh. 1, p. 6.

Plaintiff is neither harassing Defendant, nor attempting to overwhelm Defendant or his counsel with excessively burdensome discovery requests. In this case, Plaintiff has issued one set of document requests and one set of interrogatories. Defendant wholly and completely failed to respond, including after being ordered to respond by this Court. After Plaintiff was forced to file the instant Motion, Defendant served deficient, non-responsive and unverified responses. As the history of the state court action demonstrates, and as Defendant's conduct in this case continues, he has been uncooperative and uncommunicative – forcing Plaintiff to expend a substantial amount of time and resources chasing documents and information that should have been provided long ago.

**<u>Defendant's Continued Failure to Comply with Discovery Obligations</u>**

Defendant was ordered to provide responses to Plaintiff's discovery requests on or before May 9, 2022, Docket No. 24. After failing to do so, Plaintiff was again forced to seek this Court's intervention, filing the Motion on May 16, 2022, Docket No. 25. It was not until the evening before the May 23, 2022 hearing on the Motion that Defendant provided any responses to Plaintiff's discovery requests. And those responses, a copy of which are attached as Exhibit 2, are grossly deficient. First, the interrogatory responses are not verified, as required by Fed. R. Civ. P. 33(b)(3) and Fed. R. Bankr. P. 7033.

Second, the documents provided in response to interrogatories 1 and 2 and the written answer to interrogatory 3 are not responsive – they do not provide the requested information. Interrogatory 1 asks Defendant to identify "the amount, date, and recipient of each expenditure for materials or labor [Fara or BJC] made pursuant to the Contract." Exh. 2, p. 2. The document provided in response, at Exhibit A to the discovery responses, is the same table Defendant provided in the state court action – which Defendant has already acknowledged contains mistakes and is allegedly incomplete.

Interrogatory 2 asks for a list of the individuals who oversaw BJC's work at Plaintiff's property, including each individual's "(1) [ ] name; (2) their current address; (3) the time period in which they oversaw the work at [Plaintiff's] Property; (4) their responsibilities during that time period; and (5) their compensation." Exh. 2, p 2. The document provided in response, at Exhibit B to the discovery responses, is a document called "Employee Summary" from August 2019 that only provides employees' names and compensation during some period of time. It does not provide any of the other requested information.

Interrogatory #3 asks Defendant to "[i]dentify the amount and date of each payment, commission, or other funds You personally received from the money paid by Plaintiff to BJ Construction pursuant to the Contract." Exh. 2, p. 2. Defendant's response is evasive and nonresponsive, asserting that he did not directly receive funds from the project because such funds "were deposited into the business account." *Id.* at p. 3. Defendant's response does admit that the "business infrequently paid [Defendant] via payroll or owner draw," but there is no further information regarding the amounts or dates of such payments via payroll or owner draw. *Id.*

Lastly, Defendant's responses to the document requests are insufficient – certain document requests are repeated in Defendant's responses. *See* Exh. 2, responses 2, 3, and 10. It appears that the response to document request 10 does respond to Plaintiff's actual document request 10. *See* Exh. 2, p. 7. But document request 3, which calls for "employee agreements, including but not limited to independent contractor agreements and consulting agreements, for any person or entity with whom BJ Construction and/or [Fara] engaged for the work contemplated by the Contract," is not addressed in Defendant's discovery responses.

Accordingly, pursuant to Fed. R. Civ. P. 37(b)(2)(A), 37(b)(2)(C), and 37(d) and Bankr. R. Civ. P. 7037, Plaintiff requests an order:

    a.   awarding Plaintiff a default judgment finding Defendant's entire debt to Plaintiff is nondischargeable; or

    b.  granting Plaintiff an inference in its favor as to all matters in the Discovery Requests, ordering Defendant to appear for his deposition, and extending the deadline for the completion of discovery up to and including July 30, 2022 to allow Plaintiff to conduct proper discovery given Defendant's failure and refusal to meaningfully participate; and

    c. awarding Plaintiff its attorneys' fees associated with the Motion to Compel Discovery Responses and this Motion for Sanctions; and

    d. granting any further relief this Court deems appropriate.

Dated: June 13, 2022                      Respectfully submitted,

                                             **CHOP FOO, LLC**

                                             /s/ Emily A. Robins
                                             EVERSHEDS SUTHERLAND (US) LLP
                                             Timothy J. McCaffrey (ARDC No. 6229804)
                                             Emily A. Robins (ARDC No. 6296519)
                                             900 North Michigan Avenue, Suite 1000
                                             Chicago, Illinois 60611
                                             Telephone: (312) 724-9006
                                             Facsimile: (312) 724-9322
                                             timmccaffrey@eversheds-sutherland.com
                                             emilyrobins@eversheds-sutherland.com

**CERTIFICATE OF SERVICE**

      I, Emily A. Robins, certify that on June 13, 2022, I caused a copy of the foregoing Reply in Support of Motion for Sanctions to be filed and served via CM/ECF as follows:

    Michael J. Gunderson
    The Gunderson Law Firm, LLC
    2155 West Roscoe Street
    Chicago, Illinois 60618
    (312) 600-5000
    mgunderson@gundersonfirm.com
    *Attorney for Justin S. Fara*

                                            /s/ Emily A. Robins